**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**JAMES F. LEWIS,**

**Plaintiff,**

**v.** **Case No.: 5:26-cv-00482-AGM-PRL**

**TOWN OF LADY LAKE, FLORIDA, ED FREEMAN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS TOWN MAYOR; WILLIAM LAWRENCE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS TOWN MANAGER; KATHY ROSADA, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS TOWN CLERK; JANE DOE, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS TOWN EMPLOYEE; STEVEN HUNT, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE; JASON BROUGH, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS DEPUTY CHIEF OF POLICE; AND SGT GEHRSIZT, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS POLICE SERGEANT;**

**Defendants,**
_________________________________/

## ORDER

Upon referral, this case is before the Court on Defendants Freeman, Rosado, Hunt, Brough, Gehrsitz, and "Doe's" time sensitive amended motion to stay discovery, stay requests for admissions, and stay case management deadlines (Doc. 55), to which the pro se Plaintiff has responded in opposition. (Doc. 56).

This case arises out of Plaintiff's attempt to make a public records request to the Town Manager of Lady Lake.[1] (Doc. 1 at 5). As alleged in the complaint, a dispute ensued between Plaintiff and town personnel, resulting in police being called and Plaintiff being "forcibly removed" from the Town Hall. (Doc. 1 at 5). Plaintiff alleges that he was told not to return until he was "civil." (Doc. 1 at 5). Plaintiff's complaint alleges a litany of claims (including claims under 18 U.S.C. § 1983) against the Town of Lady Lake, the Town Manager, and various town officials. Plaintiff demands $2.5 million in compensatory damages and $7.5 million in punitive damages.

In the instant motion, Defendants request that the Court enter an Order staying discovery under Rule 26, staying Plaintiff's Requests for Admissions under Rule 36, staying Plaintiff's Interrogatories under Rule 33, and staying Case Management Deadlines under Local Rule 3.02, until after the Court rules on the issues of qualified, absolute, and statutory immunity in this case, as raised in their pending motions to dismiss. Plaintiff states he is firmly opposed to the stay, and contends the request is a dilatory tactic.

As a general matter, motions to stay discovery may be granted pursuant to Rule 26(c), Fed. R. Civ. P. The Court has broad discretion to deny or limit discovery in order to protect a party from undue burden or expense, and to promote a case's efficient resolution. *See* Fed. R. Civ. P. 26(c); *see, e.g., Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367-68 (11th Cir. 1997); *Moore v. Potter*, 141 Fed. App'x 803, 807-08 (11th Cir. 2005) (relying on *Chudasama*); *McCabe v. Foley*, 23 F.R.D. 683; 685 (M.D. Fla. 2006). Such an order may

[1] This is not Plaintiff's first attempt to bring similar claims against local public officials. *See Lewis v. Reyes*, No. 23-12171, 2024 WL 1155813, at *2 (11th Cir. Mar. 18, 2024) (affirming the dismissal of similar claims arising from this plaintiff's attempts to make a public records request as a "citizen journalist" at a local elementary school).

provide, *inter alia*, that discovery not be had, that it be delayed, or that it be had only by a method other than that selected by the asking party. Fed. R. Civ. P. 26(c)(1)-(3). Given this broad discretion, the Court "should not hesitate to exercise appropriate control over the discovery process." *Herbert v. Lando*, 441 U.S. 153, 177 (1979). Indeed, the Eleventh Circuit has recognized that "when faced with a motion to dismiss a claim for relief that significantly enlarges the scope of discovery, the district court should rule on the motion before entering discovery orders, if possible." *Chudasama*, 123 F.3d at 1368.

It is entirely appropriate for a Court to stay discovery where there is a dispositive motion pending because "[i]f the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided." *Id.* "In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). To do so, "it is necessary for the Court to take a preliminary peek at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Glynn v. Basil Street Partners, LLC*, 2010 WL 2508605, at *1 (M.D. Fla. June 16, 2010) (citing *Feldman*, 176 F.R.D. at 653-53). Of course, "this involves weighing the likely costs and burdens of proceeding with discovery." *Glynn*, 2010 WL 2508605, at *1 (citing *McCabe*, 233 F.R.D. at 685).

Here, without prejudging the merits of the motions to dismiss, the Court acknowledges that they raise issues about the sufficiency of each of Plaintiffs' claims, as well as whether the complaint is a "shotgun" pleading. The arguments raised in the motions to

dismiss include that Plaintiff has failed to state a cognizable claim, that each individual defendants is entitled to qualified immunity, that official capacity claims are redundant, that Plaintiff has failed to state a claim for violation of civil rights, that Plaintiff has failed to state a claim under the Americans with Disabilities Act, that Plaintiff has failed to state a claim establishing municipal liability, and that remaining state law claims should be dismissed.

It thus appears that, if granted, the motions to dismiss could dispose of all claims against Defendants. A complaint does require more than vague or conclusory allegations as to a defendant. A review of the motions to dismiss and a peek at the complaint reveals that Defendants' position as to the deficiencies of the complaint may well have merit. Under the circumstances, the interests of justice and efficiency weigh in favor of a limited stay of discovery.

Defendants' motion for a stay of discovery (Doc. 55) is **granted** to the extent that all discovery and case management deadlines in this case shall be stayed until **December 15, 2026**. On or before December 15, 2026, the parties shall file a motion to either extend the stay or to file an amended case management report, as appropriate under the circumstances.

**DONE** and **ORDERED** in Ocala, Florida on September 18, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties